IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH CHAMBERLAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:08-0562 |
| ) | Judge Trauger |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE & DAVIDSON COUNTY ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant Metropolitan Government has filed a motion to dismiss for failure to prosecute. (Docket No. 23) On April 1, 2009, this court ordered the *pro se* plaintiff to respond to this motion by April 17, 2009, and warned him that his failure to respond would be a further ground for dismissing this case with prejudice. (Docket No. 26) A copy of that order was sent to the plaintiff by certified mail, return receipt requested, but that mailing was returned to the court marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (Docket No. 27)

Four factors must be considered by the court when determining if a case is appropriately dismissed for failure to prosecute under Rule 41(b), FED.R.CIV.P.:

(1) whether the party's failure is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dismissed party's conduct;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mulbah v. Detroit Bd. Of Educ.*, 261 F.3rd 586, 589 (6th Cir. 2001) (internal citations omitted).

All of these factors weigh in favor of dismissing this case under Rule 41(b) FED.R.CIV.P. It is therefore ORDERED that defendant Metro's motion to dismiss for failure to prosecute (Docket No. 23) is GRANTED, and this case is DISMISSED with prejudice.

It is so **ORDERED**.

ENTER this 11th day of May 2009.

_____
ALETA A. TRAUGER
U.S. District Judge